

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENE SCALIA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br><br> Plaintiff, <br><br> v. <br><br> VIA MARCONI PIZZA PUB, INC., d/b/a Via Marconi's Pizza Pub, and TOMAS J. VICKERMAN, <br><br> Defendants. | Civil Action No. _____ <br><br> 19   4860 <br><br> FILED <br> OCT 18 2019 <br> KATE BARKMAN, Clerk <br> By_____ Dep. Clerk |

## COMPLAINT

Plaintiff, Eugene Scalia, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin VIA MARCONI PIZZA PUB., INC., d/b/a Via Marconi's Pizza Pub, a corporation, and TOMAS J. VICKERMAN, individually, and as a manager and of the aforementioned corporation, (collectively, "Defendants"), from violating the provisions of Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant VIA MARCONI PIZZA PUB, INC., d/b/a Via Marconi's Pizza Pub, is a corporation duly organized under the laws of the Commonwealth of Pennsylvania, with a registered office at 190 Forty Foot Road in Lansdale, Pennsylvania 19446. Defendant is engaged



in a full-service restaurant business at the same address ("Via Marconi's Pizza Pub"), within the jurisdiction of this Court.

3. Defendant TOMAS J. VICKERMAN is the owner of the corporation identified in Paragraph I. Vickerman has directed employment practices and has directly or indirectly acted in the interest of Defendant Via Marconi Pizza Pub, Inc. in relation to its employees at all times relevant herein, including setting employees' conditions of employment and supervising employees day-to-day.

4. The business activities of Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

5. At Via Marconi's Pizza Pub, Defendants have employed and are employing employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including alcohol and canned tomatoes shipped from California. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, Defendants' employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

6. Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment

of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.

For example: During the time period from at least January 1, 2016 through at least January 6, 2019, Defendants failed to compensate their kitchen employees who worked more than 40 hours in a workweek one and one-half times their regular rate. Workweeks for many of these employees ranged from approximately 46 to approximately 73 hours, but these employees did not receive time and one-half their regular rate for their overtime hours.

7. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516. Specifically, Defendants failed to make, keep, and preserve records containing employees' full names, home addresses, dates of birth, and sex. 29 C.F.R. §§ 516.2(a)(1)-(4).

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(2) For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period of January 1, 2016 through January 6, 2019, and for an equal amount due to certain of Defendant's current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages

may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after January 6, 2019, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A; or

    (3)    In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

October 18, 2019

Respectfully submitted,

Mailing Address:

**UNITED STATES DEPARTMENT OF LABOR**

U.S. Department of Labor
Office of the Regional Solicitor
170 S. Independence Mall West
Suite 630E, The Curtis Center
Philadelphia, PA 19106

Kate S. O'Scannlain
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

(215) 861-5128(voice)
(215) 861-5162 (fax)

Jodeen Hobbs
Counsel for ERISA

luby.andrea@dol.gov

*/s/ Andrea Luby*
Andrea Luby
Senior Trial Attorney