**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EUGENE SCALIA** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO.  19-4860** |
| | : | |
| **VIA MARCONI PIZZA PUB, INC.,** *et* | : | |
| *al.* | : | |

### CONSENT JUDGMENT

**AND NOW**, this 23rd day of October 2019, upon considering the Plaintiff's Motion for entry of a consent judgment (ECF Doc. No. 2), carefully considering the parties' terms, and upon finding the Secretary of Labor, United States Department of Labor alleges Defendants violated the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq., Defendants agree they are employers within the meaning of Section 3(d) of the Fair Labor Standards Act, 29 U.S.C. § 203(d), Defendants appeared by counsel and waived formal service of process of the Summons and Complaint, waived an Answer and defenses which they may have, and agreed to the entry of a Consent Judgment without contest, and for good cause, it is **ORDERED**:

### *Equitable Relief*

1.      Defendants, their officers, agents, servants, and all persons acting or claiming to act on their behalf and interest are permanently enjoined and restrained from violating the provisions of Sections 6, 7, 11(c), and 15 of the Act, in any manner, including by way of example by:

a.      Contrary to Section 6 of the Act, paying any employee who in any workweek is engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates less than those which are now, or which in the future may become, applicable under Sections 6 and 15(a)(2) of the Act;

b.      Contrary to Section 7 of the Act, employ an employee including, but not limited to, an employee working at 190 Forty Foot Road, Hatfield, Pennsylvania, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, in any workweek when he is engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the Act, for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the employee receives compensation for employment in excess of the prescribed hours at a rate equivalent to one and one-half times the regular rates applicable to him;

c.      Not failing to make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them including, but not limited to, an employee working at 190 Forty Foot Road, Hatfield, Pennsylvania, or any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, as prescribed by the Regulations at 29 C.F.R. Part 516 issued under Section 11(c) and 15(a)(5) of the Act;

d.      Discharging or taking retaliatory action against an employee, whether or not directly employed by Defendants, because the employee engages in any of the following activities under Section 15(a)(3) of the Act:

i.      Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy, or practice of the Employers or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act;

ii.      Provides information to, or testifies before, a public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act, or a rule or

2

regulation promulgated pursuant to the Act, by the Employers or another employer with whom there is a business relationship;

      iii.  Objects to, or refuses to participate in an activity, policy or practice which the employee reasonably believes violates the Act, or a rule or regulation promulgated under the Act.

  2.  Defendants are enjoined and restrained from withholding gross back wages in the sum total amount **$181,494.15**, and are jointly and severally liable for the payment of **$181,494.15** in liquidated damages, due certain present and former employees of Defendants identified in the attached Schedule A;

### *Penalty and Payment Terms*

  3.  Defendants agree: the civil money penalty currently due and payable is **$21,398.75**; they are jointly and severally liable for this amount; this assessment has become the final order of the Secretary of the Department of Labor; they waive rights to appeal or contest this assessment; they will pay a civil money penalty of **$21,398.75** no later than **November 22, 2019** to be made either online by ACH transfer, credit card, or debit card by going to https://www.pay.gov/public/form/start/77734139 or www.pay.gov or by certified check, bank check, or money order, payable to "Wage and Hour Division, U.S. Department of Labor," and mailed to the Northeast Regional Office, The Curtis Center, Suite 850 West, 170 S. Independence Mall West, Philadelphia, PA 19106-3323;

  4.  Defendants shall pay gross back wages and liquidated damages of **$362,988.30** for violations of the overtime provisions of the Act alleged to have occurred beginning July 2, 2016 and ending March 23, 2019, ("relevant period") representing the full extent of back wages and liquidated damages owed by Defendants for the relevant period to the employees identified on the

3

attached Schedule A with the overtime compensation and liquidated damage payments in the nature of back wages and liquidated damages under the Act requiring Defendants remain responsible for all tax payments considered to be the "employer's share," including, but not limited to, FICA;

    a.  Defendants shall satisfy this Consent Judgment relative to back wage payments and liquidated damages by delivering payment of **$362,988.30** to the Plaintiff's designated representatives no later than **January 21, 2020** made in accord with paragraph three above with the ACH or the check or money order bearing the reference: **Case ID# 1873536**.

  5.  The Secretary, through the Wage and Hour Division, shall distribute the back wages (less any applicable federal taxes, withholdings, and deductions) and liquidated damages payments to the employees and former employees, or to their estates, identified in the attached Schedule A which shows for each individual the gross back pay due (subject to applicable legal deductions), and liquidated damages and sums not distributed to the employees or former employees on Schedule A, or to their estates, because of inability to locate the proper persons or because of such persons' refusal to accept such sums, shall be deposited with the United States Treasurer under 29 U.S.C § 216(c);

    a.  To the best of their ability and based upon information it currently has in its possession, Defendants shall provide to Plaintiff the social security number and last known address of each employee or former employee due money under this Consent Judgment at the time of the initial lump sum payment;

    b.  This Consent Judgment shall not in any way affect any legal right of any individual not named in Exhibit A, nor shall the provisions in any way affect any legal right of any individual named in Exhibit A to file an action against Defendants for violations alleged to have

occurred outside the relevant period;

6.      Neither Defendants nor anyone on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under this Consent Judgment.  Any such amount shall be immediately paid to the Secretary for deposit as above, and Defendants shall have no further obligations with respect to such returned monies.  If recovered wages have not been claimed by the employee or the employee's estate within three years of the entry of this Consent Judgment, the Secretary shall deposit such money with the Treasury under Section 16(c) of the Act;

7.      The parties agree this Judgment is deemed to solely cover Defendants' business and operations for the relevant period for all claims raised in the Complaint as a result of the Secretary's investigation, and the filing of this action and the provisions of this Judgment shall not, in any way, affect, determine, or prejudice any and all rights of any person specifically named on Schedule A or the Secretary for any period after March 23, 2019, or any persons, be they current or former employees, not specifically named on Schedule A, insofar as such rights are conferred and reserved to these employees under Section 16(b) of the Act;

8.      By entering into this Consent Judgment, Plaintiff does not waive his right to conduct future investigations of Defendants under the Act and take appropriate enforcement action, including assessment of civil money penalties under Section 16(e) of the Act as to violations disclosed by such investigations;

9.      Each party bears its own fees and other expenses incurred by him or it in connection with any stage of this proceeding including, but not limited to, attorney fees which may be available under the Equal Access to Justice Act, as amended; and,

5

10.    The Clerk of Court shall **close** this case.

KEARNEY, J.

| Employee Name | Back Wages Due | Liquidated Damages Due | Total Due |
|---|---|---|---|
| Acevedo, Jose Total | $13,471.62 | $13,471.62 | $26,943.23 |
| Aguirre, Max Total | $6,369.16 | $6,369.16 | $12,738.32 |
| Alvarado, Santiago Total | $1,872.00 | $1,872.00 | $3,744.00 |
| Bonilla, Dennis Total | $13,238.76 | $13,238.76 | $26,477.52 |
| Canalas, Wilmer Total | $1,238.85 | $1,238.85 | $2,477.70 |
| Canales, Fredi Total | $19,261.22 | $19,261.22 | $38,522.44 |
| Cruz, Chamaco Total | $10,488.27 | $10,488.27 | $20,976.54 |
| Flores, Rene(Chavarria) Total | $1,933.90 | $1,933.90 | $3,867.80 |
| Gamboa, Daniel Total | $192.00 | $192.00 | $384.00 |
| Galo, Jorge Total | $1,620.00 | $1,620.00 | $3,240.00 |
| Godinec , Saul(Orellna,Exau) Total | $16,082.66 | $16,082.66 | $32,165.33 |
| Gonzalez, Oscar | $480.00 | $480.00 | $960.00 |
| Guerra, Fredi Total | $11,905.95 | $11,905.95 | $23,811.90 |
| Hernandez, Baldemar(Valdemar) Total | $6,730.99 | $6,730.99 | $13,461.98 |
| Hernandez, Omar(Jose Osmar) Total | $26,391.61 | $26,391.61 | $52,783.22 |
| Hernandez,Elsa Total | $1,326.06 | $1,326.06 | $2,652.12 |
| Howe, XXX Total | $926.16 | $926.16 | $1,852.32 |
| Maldonado, Osmar Total | $13,213.29 | $13,213.29 | $26,426.58 |
| Maldonado, Ricardo Total | $697.38 | $697.38 | $1,394.76 |
| Nova, Edwardo(Jorge Perez) Total | $14,226.03 | $14,226.03 | $28,452.07 |
| Ramos, Wilmer Total | $1,410.28 | $1,410.28 | $2,820.56 |
| Reyes, Cristian Total | $677.25 | $677.25 | $1,354.50 |
| Romero, Tony Total | $4,598.58 | $4,598.58 | $9,197.16 |
| Sanchez, Manuel Total | $7,659.00 | $7,659.00 | $15,318.00 |
| Venagas, Roni Total | $5,483.13 | $5,483.13 | $10,966.26 |
| **Grand Total** | **$181,494.15** | **$181,494.15** | **$362,988.30** |

Schedule A

7